**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTIN J. PETERSON,

Plaintiff – Appellant,

v.

ROBERT LAMPERT, Director, Wyoming
Department of Corrections; EDDIE
WILSON, Warden, Wyoming State
Penitentiary; DARCY MCFERRIN,
Housing Manager; SHEILA TULLY,
Grievance Manager, Wyoming State
Penitentiary,

Defendants – Appellees.

No.12-8015
(D.C. No. 2:12-CV-00013-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Martin J. Peterson, a state prisoner, filed a frivolous pro se, 42 U.S.C. § 1983 civil-

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

rights complaint against Robert Lampert, Director of the Wyoming Department of Corrections, and other personnel at the Wyoming State Penitentiary. He alleges (1) the prison staff committed mail fraud, in violation of 18 U.S.C. § 1341-1347, by failing to mail some of his letters, and (2) violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment constitutional rights by taping together three of his outgoing letters. Peterson sought $2,800,000 in damages for the deliberate indifference and intentional misconduct of the prison staff, which, he claimed, caused him distress resulting in several panic attacks. He also requested punitive damages because, he says, the prison staff had acted with evil motive, recklessness, malice or deceit.

On September 15, 2011, Peterson placed six letters in the prison outgoing mail system, four of which were returned to him by prison staff on September 22, 2011. Three of the returned letters are the subject of his complaint. He contends his letters to the Wyoming Department of Criminal Investigation ("DCI") in Cheyenne, Wyoming, and the Federal Bureau of Investigation ("FBI") in Casper, Wyoming, were legal mail, which the prison was required to send without cost to him. The third was a personal letter to someone in Sioux Falls, South Dakota. Each returned letter was oversized or overweight, requiring additional postage, a cumulative total of $1.71.

Because the DCI and FBI letters did not qualify as legal mail eligible for postage to be paid by the prison, the prison staff treated all three letters as regular mail, obligating Peterson to pay the postage. Since the postage due on the letters exceeded Peterson's indigent weekly postage allowance, they were taped together by the prison mailroom staff and returned to him so he could determine which letters he wanted to mail,

considering the limited funds available to him.  Peterson, however, speculated and persists in arguing the three letters were taped together by the prison staff before delivering them to the post office, and the bundling caused the post office to return all three for insufficient postage.

Peterson exhausted his administrative remedies.  The administrative record before the district court is revealing.  The prison staff advised Peterson why his mail was returned to him:  his "legal mail" was returned because the DCI and FBI letters were not properly addressed[1] and not addressed to persons or entities designated as proper recipients of "legal mail" under the Wyoming Department of Corrections regulations.[2] His personal letter was returned because it had insufficient postage.  Finding no fraud by the prison staff and no violation of Peterson's constitutional rights, Director Lampert denied his alleged mail-fraud grievance.

---

[1] Wyoming Department of Corrections, Policy and Procedure # 5.401Z for Inmate Mail, requires that an inmate's mail be "clearly addressed as "LEGAL MAIL" on the addressee side of the envelope, with the designation set apart from the return address and mailing address, and [be] of sufficient size to permit easy recognition by mail room staff."  *Id*. (internal quotation marks omitted).

[2] "Legal mail includes mail which is addressed to or received from the following:

1. Wyoming Attorney General's office;
2. United States Attorney General's office;
3. United States Department of Justice;
4. County and prosecuting attorneys;
5. Federal, State, Local and Tribal Courts;
6. Attorney;
7. Legal aid clinic; or
8. American Civil Liberties Union."

*Id*.

The district court reviewed the complaint and dismissed it because it was both frivolous, 28 U.S.C. § 1915(e)(2)(B)(i), and failed to state a claim for which relief could be granted, Federal Rule of Civil Procedure 12(b)(6). Peterson appeals from that dismissal. Crediting Peterson's factual allegations as to why his letters were not mailed, his claim does not approach mail fraud under the cited statutes. Neither has he stated a constitutional violation; his vague and conclusory speculations are insufficient. His complaint is patently frivolous and the district court appropriately dismissed it. His appeal is also frivolous. We dismiss it as required by 28 U.S.C. § 1915(e)(2)(B)(i).

We impose a strike under 28 U.S.C. § 1915(g). Coupled with the district court's dismissal under § 1915(e)(2)(B)(i), he now has two strikes in this case. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge